## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

DAREN KAREEM GADSDEN, #41948-037,

                Petitioner,

v.                                           ACTION NO.  2:20cv120

J. ANDREWS,
Warden, FCI Petersburg,

                Respondent.

## UNITED STATES MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

This matter is before the Court on a petition for a writ of habeas corpus under 28 U.S.C. § 2241 filed by DaRen Kareem Gadsden ("Gadsden"), respondent's motion to dismiss the petition, Gadsden's motion for summary judgment, and Gadsden's motion for emergency injunctive relief. For the reasons discussed below, and pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Local Civil Rule 72, it is hereby **RECOMMENDED** that respondent's motion to dismiss the petition (ECF No. 8) be **GRANTED**, Gadsden's motion for summary judgment (ECF No. 11) be **DENIED**, Gadsden's motion for emergency injunctive relief (ECF No. 14) be **DENIED**, and the petition for a writ of habeas corpus (ECF No. 1) be **DENIED** and **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

### I.      STATEMENT OF THE CASE

The Court has received and filed a petition for a writ of habeas corpus submitted pursuant to 28 U.S.C. § 2241.  ECF No. 1.  Gadsden is a federal prisoner convicted and sentenced in the

United States District Court of Maryland, and previously housed in the Federal Correctional Center in Petersburg, Virginia.[1]  *Id.* at 1.   Gadsden brings this petition under the savings clause of 28 U.S.C. § 2255(e), seeking to have his convictions and sentence reversed and vacated, or have his case remanded for a new trial.  *Id.* at 8.

### A.      Gadsden's Trial in the District of Maryland and Direct Appeal

On July 22, 2013, following a jury trial in the United States District Court for the District of Maryland, Gadsden was convicted of conspiracy to commit bank fraud, eight counts of bank fraud, two counts of aggravated identity theft, and two counts of attempted evidence tampering in violation of 18 U.S.C. §§ 1028A, 1344, 1349, and 1512(c)(1).   *United States v. Gadsden*, No. 1:11cr302 (D. Md.), ECF Nos. 287, 334.   The court sentenced Gadsden to 286 months in prison, supervised release for five years, and ordered payment of $1,399,700.00 in restitution.  *Id.*, ECF No. 334.

The United States Court of Appeals for the Fourth Circuit affirmed Gadsden's convictions and sentence on April 1, 2015, but remanded the case to adjust the amount of restitution to $1,100,000.00.  *Id.*, ECF No. 363; *United States v. Gadsden*, 616 F. App'x 539, 546 (4th Cir.

---

[1] At the time Gadsden filed his petition, he was confined in the Federal Correctional Center in Petersburg, Virginia.  ECF No. 1 at 1.  Gadsden filed a motion for emergency injunctive relief on September 11, 2020, requesting that the Court prevent the Federal Bureau of Prisons from transferring him out of the Court's jurisdiction until after the Court addressed his petition.  ECF No. 14 at 1–2.  Jurisdiction is determined when the petition for a writ of habeas corpus is filed, and is not defeated by a subsequent transfer of the petitioner.  *See United States v. Edwards*, No. 93-7172, 1994 WL 285462 (4th Cir. June 29, 1994) (per curiam) (unpublished) (holding "[j]urisdiction is determined at the time an action is filed," and "subsequent transfers of prisoners outside the jurisdiction in which they filed actions do not defeat personal jurisdiction" (citing *Francis v. Rison*, 894 F.2d 353, 354 (9th Cir. 1990))).  The Federal Bureau of Prisons transferred Gadsden to the United States Penitentiary in Yazoo City, Mississippi in November 2020.  ECF No. 17.   The transfer does not affect the Court's jurisdiction over Gadsden's petition.  Accordingly, Gadsden's motion for emergency injunctive relief, ECF No. 14, should be **DENIED**.

2015).   On remand, the district court entered an amended judgment including the same terms of imprisonment and supervised release, and reflecting the amended restitution amount.   *United States v. Gadsden*, No. 1:11cr302 (D. Md.), ECF No. 370.

Gadsden unsuccessfully petitioned the United States Court of Appeals for the Fourth Circuit for a writ of mandamus and a writ of prohibition.   *In re Gadsden*, 689 F. App'x 756, 756 (4th Cir. May 25, 2017); *In re Gadsden*, 613 F. App'x 225, 226 (4th Cir. Aug. 24, 2015).

**B.      Gadsden's motion to vacate pursuant to 28 U.S.C. § 2255 in the District of Maryland**

On July 2, 2015, Gadsden moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in the District of Maryland.   *United States v. Gadsden*, No. 1:11cr302 (D. Md.), ECF No. 375.   The district court dismissed the motion on February 11, 2016.   *Id.*, ECF No. 400; *United States v. Gadsden*, No. 1:11cr302, 2016 WL 9447050, at *1 (D. Md. Feb. 11, 2016).   The United States Court of Appeals for the Fourth Circuit dismissed Gadsden's appeal, and denied a certificate of appealability.   *United States v. Gadsden*, No. 1:11cr302 (D. Md.), ECF No. 407; *United States v. Gadsden*, 651 F. App'x 192, 193 (4th Cir. June 1, 2016).

**C.      Gadsden's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the Eastern District of North Carolina**

Gadsden filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on February 14, 2017, in the Eastern District of North Carolina, where he was confined.   *Gadsden v. Smith*, No. 5:17hc2029 (E.D.N.C.), ECF No. 1 at 1.   Gadsden alleged he was actually innocent of the conspiracy and two bank fraud counts due to the government's failure to prove the institutions were federally insured.   *Id.*, ECF No. 1 at 6, ECF No. 1-1 at 1.   The district court dismissed the petition without prejudice, holding Gadsden could not establish that a motion under 28 U.S.C. § 2255 was inadequate and ineffective to test the legality of his sentence.   *Id.*, ECF No. 5 at 3–4,

ECF No. 9 at 2–3; *Gadsden v. Smith*, No. 5:17hc2029, 2017 WL 10238034, at *2 (E.D.N.C. Oct.

19, 2017), *report & recommendation adopted*, 2018 WL 4339363, at *2 (E.D.N.C. Sept. 11, 2018).

Further, Gadsden was barred from filing a second motion pursuant to section 2255, because he had

not received authorization from the United States Court of Appeals for the Fourth Circuit to file a

successive motion.  *Gadsden*, 2018 WL 4339363, at *1.   The United States Court of Appeals for

the Fourth Circuit affirmed the district court's decision.   *Gadsden v. Smith*, 745 F. App'x 511,

511 (4th Cir. Dec. 21, 2018).

**D.     Gadsden's second motion to vacate pursuant to 28 U.S.C. § 2255 in the District of Maryland**

Gadsden filed a second motion to vacate his convictions pursuant to 28 U.S.C. § 2255 in

the District of Maryland on October 1, 2018.   *United States v. Gadsden*, No. 1:11cr302 (D. Md.),

ECF No. 459.   The district court dismissed the petition without prejudice, because Gadsden had

not received authorization from the United States Court of Appeals for the Fourth Circuit to file a

successive motion.  *Id.*, ECF No. 460; *Gadsden v. United States*, No. 1:11cr302, 2018 WL

9850160, at *1 (D. Md. Oct. 4, 2018).   The United States Court of Appeals for the Fourth Circuit

affirmed the decision.   *United States v. Gadsden*, 748 F. App'x 546, 547 (4th Cir. Jan. 23, 2019).

**E.     Gadsden's motions for authorization to file successive applications for post-conviction relief filed in the United States Court of Appeals for the Fourth Circuit**

Gadsden next filed two motions in the United States Court of Appeals for the Fourth Circuit

pursuant to 28 U.S.C. § 2244 seeking authorization to file successive applications for post-

conviction relief.   In the first motion, Gadsden argued his convictions for eight counts of bank

fraud violated the Fifth Amendment's Double Jeopardy Clause.   *In re Gadsden*, No. 19-278 (4th

Cir.), ECF No. 2-2 at 4.   In the second motion, Gadsden asserted there was insufficient evidence

4

to convict him of three counts of bank fraud, because the institutions were not federally insured. *In re Gadsden*, No. 19-439 (4th Cir.), ECF No. 2-2 at 4.   The United States Court of Appeals for the Fourth Circuit denied both motions, declining to authorize the district court to consider a successive application for relief pursuant to section 2255.   *Id.*, ECF No. 7; *In re Gadsden*, No. 19-278 (4th Cir.), ECF No. 10.

**F.      Gadsden's second petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, filed in the Eastern District of Virginia**

Gadsden filed his pending petition pursuant to 28 U.S.C. § 2241 in this Court on March 4, 2020.   ECF No. 1.   Gadsden seeks to have his convictions and sentence reversed and vacated, or his case remanded for a new trial, alleging the following:

(1)      he is actually innocent of three bank fraud counts because the institutions involved were not federally insured;

(2)      his bank fraud convictions violated the Double Jeopardy Clause; and

(3)      the court imposed an erroneous sixteen-point enhancement under the United States Sentencing Guidelines for his bank fraud convictions.

*Id.* at 6–7.

On June 5, 2020, the United States timely responded, filing a motion to dismiss the petition for lack of jurisdiction and supporting memorandum.   ECF Nos. 8–9.   Gadsden filed a response to the motion to dismiss on June 18, 2020.   ECF No. 10.   The same day, Gadsden filed a motion for summary judgment asserting his petition should be granted due to respondent's failure to file an answer and address the merits of his petition.   ECF No. 11 at 2–5.   Gadsden filed a motion for emergency injunctive relief on September 11, 2020, requesting that the Court prevent the Federal Bureau of Prisons from transferring him out of the Court's jurisdiction until after his petition has been addressed.   ECF No. 14 at 1–2.   These matters are now ripe for decision.

## II.   FINDINGS OF FACT AND CONCLUSIONS OF LAW

Gadsden's petition challenges the lawfulness of his conviction and sentence, rather than the execution of his sentence.   The proper mechanism for raising such a challenge is a motion pursuant to 28 U.S.C. § 2255.   *See* 28 U.S.C. § 2255(a); *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) ("Those convicted in federal court are required to bring collateral attacks challenging the validity of their judgment and sentence by filing a motion to vacate sentence pursuant to [section] 2255."). The "savings clause" in 28 U.S.C. § 2255(e), however, provides an option for a federal prisoner to challenge the legality of his detention by means of a section 2241 habeas petition if section 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).[2]

Access to relief pursuant to the savings clause is only available "in a limited number of circumstances," and "[i]t is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision."   *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) (citations omitted).   Instead, Fourth Circuit precedent establishes that a section 2255 motion is inadequate and ineffective to test the legality of a *conviction* when:

(1)     at the time of conviction, settled law of [the Fourth Circuit] or the Supreme Court established the legality of the conviction;

(2)     subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was

---

[2] Title 28 of the United States Code, section 2255(e) provides:

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

> convicted is deemed not to be criminal; and
>
> (3)    the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Id.* at 333–34 (formatting altered).

Further, Fourth Circuit precedent establishes that a section 2255 motion is inadequate and ineffective to test the legality of a *sentence* when:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018) (citations omitted).

The savings clause requirements are jurisdictional, and all prongs must be met.   *Braswell v. Smith*, 952 F.3d 441, 446–47 (4th Cir. 2020).   A petitioner seeking to invoke the savings clause bears the burden of showing that a section 2255 motion is inadequate or ineffective.   *See McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979) ("The burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy rests with the petitioner.").

Gadsden has not met his burden of showing section 2255 is inadequate or ineffective.   In fact, each of the claims raised in his petition have been raised and addressed in Gadsden's previous appeals and petition for collateral relief.   *See Gadsden*, 616 F. App'x at 545–46 (finding "no clear error" with respect to sentencing enhancements and affirming reasonableness of sentence with adjusted restitution); *Gadsden*, 2016 WL 9447050, at *1 (concluding "the government introduced evidence to show the applicability of federal insurance to the institutions involved"); *In re*

7

*Gadsden*, Appeal No. 19-278 (4th Cir.), ECF No. 10 (denying Gadsden authorization to file a successive application for post-conviction relief asserting his convictions for bank fraud violated the Double Jeopardy Clause).

Moreover, Gadsden cannot satisfy the *In re Jones* test or the *Wheeler* test. He has not shown that, subsequent to his direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which he was convicted is no longer criminal, *In re Jones*, 226 F.3d at 334, or the sentence "now presents an error sufficiently grave to be deemed a fundamental defect," *Wheeler*, 886 F.3d at 429. Gadsden has not identified any change in the substantive law following his direct appeal and first section 2255 motion. *See* ECF No. 1.

Due to Gadsden's failure to satisfy the requirements of *In re Jones* or *Wheeler*, the Court lacks jurisdiction over his section 2241 petition, and it is subject to dismissal without prejudice. *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013) ("A dismissal for lack of standing—or any other defect in subject matter jurisdiction—must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits."). Further, due to the lack of jurisdiction, the Court cannot grant Gadsden the relief he seeks in his motion for summary judgment.

### III.   <u>RECOMMENDATION</u>

For the foregoing reasons, the undersigned recommends that respondent's motion to dismiss the petition (ECF No. 8) be **GRANTED**, Gadsden's motion for summary judgment (ECF No. 11) be **DENIED**, Gadsden's motion for emergency injunctive relief (ECF No. 14) be **DENIED**, and the petition for a writ of habeas corpus (ECF No. 1) be **DENIED** and **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

## IV.    REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1.      Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date this report is forwarded to the objecting party by Notice of Electronic Filing or mail, *see* 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure.   Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof.   *See* Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2.      A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court based on such findings and recommendations.   *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

/s/ 
Robert J. Krask
United States Magistrate Judge

Robert J. Krask
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
December 23, 2020

9

## Clerk's Mailing Certificate

A copy of the foregoing was provided electronically to counsel for respondent and was

mailed this date to:


DaRen Kareem Gadsden, #41948-037
USP Yazoo City
P.O. Box 500
Yazoo City, MS 39194


Fernando Galindo, Clerk

By_____ /s/ J. L. Meyers _____
               Deputy Clerk

December ___23___, 2020

10